The Honorable Susan F. Hutchinson It's always nice to see the familiar faces. Your Honor, in this case, 1-2-15-1211, people in the state of Illinois, Ms. Susan F. Hutchinson, the Attorney, Mr. Jackson, the Defendant, and the Counselor. Arguing on behalf of the Defendant and Counselor, Ms. Josette, and Ms. Skelen. Arguing on behalf of the Defendant and Counselor, Ms. Stephanie, and Ms. Schleen. Ms. Skelen? Excuse me. I hope you're feeling better. Good morning, Your Honors. Counsel, the case of court. My name is Josette Skelenick from the Office of the State Appellate Defender. I'm here this morning on behalf of the petitioner, Jermaine Jackson. Mr. Jackson is asking this court to reverse the trial court's summary dismissal of his pro se post-conviction petition and to remand this cause for second stage proceedings. And he's asking that it be remanded on the basis that he, in his pleadings, set forth the gist of a claim that his constitutional right to procedural due process, which includes the right to the appointment of counsel for purposes of post-plea proceedings, and his right to an appeal, was violated in the course of the guilty plea proceedings. Didn't we already address this? No. How not? Why not? Because the, I was just talking about the Anders motion. Yeah. The Anders motion, our office, actually, two things about that. First, our office, Mr. Lillian, filed an Anders motion on the basis that because the defendant had not filed any post-plea, any, either a post-plea proceeding or a post-plea motion or a notice of appeal within 30 days that he had waived his right to appeal, so we couldn't, he couldn't get any relief. This Court did not even address any of the substantive issues, simply said, we don't have jurisdiction over this appeal because nothing was filed within 30 days. Well, we did say in our summary order dismissing the direct appeal that the trial court had monitored the defendant correctly. Why is that not law of the case? Because it relates to, well, first of all, the court didn't actually rule on anything. It just said, we have no jurisdiction. So there isn't an actual ruling. Secondly, in terms of what admonitions were sufficient, it relates to the fact that, and the defendant acknowledges, he was admonished that he had to do something within 30 days. He was told that. He knew. And he even said in his pro se pleadings and his letters, I tried to get this filed on time. I couldn't. So the admonitions in terms of that were sufficient to let him know that he had to file something within 30 days. But even in the motion, the Anders motion, our office filed, it was noted in there that arguably there is an issue in this case about the judge's admonitions regarding his right to counsel. And that was not really part of what the court's ruling was or what the Anders motion was. The Anders motion related only to the 30-day requirement. So your position is that if we say we don't have jurisdiction, even if we offer a tidbit or some information, it really is not binding? It's not a ruling on the merits. It's not a ruling on the merits. Correct. If we reach the merits, why doesn't Dominguez control the outcome here? Well, the admonishments in the Supreme Court said the admonishments given, which were similar to the admonishments here, conveyed the substance of the rule, and that was sufficient. Isn't Dominguez controlling that? No, because the admonishments in Dominguez were not the same as the admonishments here. I said similar or not. They weren't identical. Right.  In Dominguez, first of all, when you look at the court's admonishments, I guess I would refer to them as more global. The court said you have a right to appeal before you appeal. You have to file a post-plea motion. If I grant the motion, this would happen. If I deny the motion, this would happen. If you wish to do so, you can have an attorney appointed for those purposes. So it was not directed only at what happens after a motion is denied. Secondly, there were written admonishments. Which aren't required. Which aren't required, but the Supreme Court in Dominguez said even if there's some issue with the oral admonishments, they are complemented by the written admonishments. So in this instance, the admonishments were sufficient combined with the fact that there were also written admonishments, which the defendant in that case said he had read and understood. I think actually there are parallels between Mr. Jackson's case and the Supreme Court's decision in J.T., but with a significant difference that makes his case an appropriate one for post-conviction relief. In J.T., the minor was essentially asking the Illinois Supreme Court to grant him the equivalent of post-conviction relief because the minor had pled guilty to, I think, criminal damage to property. Had been put on probation. As in this case, had been told if you wish to appeal, you first have to file a post-plea motion within 30 days. And that minor didn't file anything as here. No post-plea motion. No notice of appeal. When his probation was revoked, I think three or four months later, he then sought an appeal to challenge the judge's admonitions. And those admonitions, in fact, those admonitions were very similar to the admonitions here. When you have a right to appeal, and at that point, essentially, you have a right to counsel to assist you. In that instance, the Supreme Court, well, the appellate court had said those admonitions were insufficient. And they used a theory that the guilty plea was void because the admonitions were not properly given. The Eleanor Supreme Court actually did characterize the admonitions as faulty. But as happened, I guess, in our Andrews motion here, the Supreme Court said the appellate court had no jurisdiction to address these issues because the defendant had not filed a post-plea motion or a notice of appeal within 30 days. And he was sufficiently admonished of the need to file something within 30 days. The court then refused to go on and exercise its supervisory authority for the purpose of sending it back for proper admonitions. But the court did not do that because the court said, based on everything we have in this record, we don't find that this juvenile really wanted to withdraw his plea, that really he was satisfied with the plea, he was satisfied with the terms of the agreement, and when he was dissatisfied was when his probation was revoked. So they said we're not going to exercise our supervisory authority to send it back for proper admonitions. But to me, that's a recognition that those admonitions weren't sufficient, at least in terms of its right to counsel. In this case, first of all, if you look at the judge's admonishments, she only talks about the right to appointed counsel once the motion is denied. If I denied your motion, you then have 30 days to appeal and then tells them if you can't afford an attorney, one will be appointed to represent you. And after, right after that, she says, now, sir, those are your appeal rights. So she's couching his right to counsel only in terms of his right to counsel on appeal. And this defendant, it's clear from his pro se pleadings, that's what he understood, that he only had a right to counsel upon an appeal. He said, he sent a letter to the court saying I'm without counsel to represent me, I've been trying to file these post plea motions in a timely manner, the prisons are on lockdown, I haven't been able to get to the law library. He says in his pleadings at one point says an appeal was attempted but dismissed due to I took the wrong steps and was advised on what steps to take, I was not given an opportunity to assert my procedural rights. So there's enough there to raise a claim that he was not properly admonished as to his right to an attorney to help him assist him with the post plea motions and to submit it back to the trial court for second stage proceedings. Well, let me ask a question now that J.T. has sunk in a little bit better. And I don't mean to take you off course, but if the Supreme Court in J.T. said, look, it's pretty obvious that he really didn't want to withdraw his plea until he got in trouble later, couldn't we look at this case in a very similar way? He really doesn't want to withdraw the plea, but he questions the sentence. So he's looking at the sentence, isn't he? Well, from the pro se pleadings, I think you have to construe those liberally and take them as true. In his pro se pleadings, he did say I wanted to withdraw my plea within a week of entering the plea. He also gives some grounds for what, on what basis he says he was rushed into the plea. And actually there was a week between when the public defender was appointed and when he entered a plea. He pled guilty on a complaint. This is almost like a TV plea where they finish everything within an hour. Yeah, he did, he asked some questions. He had some concerns about the plea after it was entered. The trial judge said, well, I can't really answer your questions. And the attorney, his public defender said, well, I'll go back afterwards, judge, and talk to him. But he's never concerned about his plea. He seems to be concerned about his sentence. Well, in his pleadings, he does say, he alleges that his public defender was ineffective. He says, I never saw discovery. I never saw lab reports. He mentions that I did not see anything about the weight of the substance I supposedly delivered, which I did not have a Class X amount. So he raises allegations in his motion to vacate that he's trying to file that I felt I didn't understand this, I was rushed into it, I didn't have all the information I should have had, and I wasn't really guilty of a Class X amount. So he does make allegations. First, he says, I did want to withdraw my plea within a week. I don't think that's rebutted by the record, especially when he says, my attorney never came back and spoke to me. And secondly, he says, here's the allegations I would like to have considered. I want to go back to the application of the law of the case doctrine here. Your office filed an Anders motion. Saying he had not filed something within 30 days. But your office or whoever wrote the Anders motion in your office reviewed the record, which would have included the transcript of the plea, correct? Right. And did not see this issue? No, actually, in the motion to withdraw, our office said that arguably the admonitions regarding his right to counsel were not sufficient. Were insufficient. But we couldn't do anything about that fact because there was no timely post-plea motion and no timely notice of appeal. So our office actually did say there's an arguable issue here. In fact, and the other thing I would notice when going over the pleadings, all of the pleadings in this case, the defendant here filed, he wrote a letter saying I'd like more time. I don't think anyone ever acted on it because it was filed three months after the plea. But then he filed a motion to reconsider sentence and a notice of appeal the same day. Saying in his notice of appeal he wanted to appeal the motion to reconsider sentence. So it was a situation where, I mean, even looking at it at that point, the record up to that point, again, supported that there's nothing that we can do in the direct appeal because there was no timely post-plea motion and no timely notice of appeal file. And not even at that point an indication as to what he would have alleged in a motion to vacate his plea or that he wanted to withdraw his plea within a week of the plea. So Hodges teaches us that the defendant, he doesn't need to present a fully pled claim. He doesn't need to cite legal authority. He doesn't even need to necessarily present the correct legal theory. He just has to have basically the kernel of a claim there that my constitutional rights were violated. And there's, again, you know, it's not a model of clarity, his pro se pleading. But there's enough in there that he said I was trying to get these done on time. I didn't have an attorney to represent me. I didn't know the proper steps to take. I wasn't given an opportunity to assert my rights. And that's sufficient to raise an arguable or gist of a claim that the guilty plea proceedings, in the context of the guilty plea proceedings, he raised a gist of a claim that his constitutional rights were violated. So what you're asking us is to remand it to a stage two. Correct. And I don't know if there are no other questions. Thank you. Thank you. Thank you. Thank you. May I please report to counsel? Stephanie Lee for the people. I would first just ask the court to remember that the only allegation on appeal in this brief is, in the defense brief, is that the admonishments were allegedly improper. And they're obviously on the record. They speak for themselves. So we can look at those admonishments and determine whether, in fact, they were proper or not. Given the Dominguez holding as well as the J.T. and the Dunn holding, the state maintains that they absolutely were proper. The other thing is that the defense – Oh, you maintain they're proper. I'm sorry. That's okay. That they're proper. Yes. They are proper because of those other case laws and very similar admonitions have been held to be proper. The court, as Justice Burkett had pointed out, did, in fact, in their summary order, say that the admonishments were sufficient to at least advise him how to perfect his appeal, which would be doing something within 30 days. But did we address in our previous disposition the quality of those admonishments? I believe the last sentence of the order just said that the admonishments were proper to advise him on how to perfect his appeal. That's my recollection of the summary order that was issued by the court. So, in fact, that was addressed. I realize that this particular angle on that in terms of where the right to counsel fell in terms of the admonishments, which it was placed at the end as it was in Dominguez and Dunn and I believe T.J. as well – or J.T. as well. So I think that the admonishments, when you look at them, they do substantially comply with the rule. The defendant was very aware that he had to do something within 30 days, and he did not do so. And especially given that he had requested that order releasing evidence if nothing was pending within 30 days, that also shows that he really didn't have an intent to go forward with an appeal, in addition to the fact that he very clearly told the judge, I'm not taking back my plea, I'm not taking back the eight years, and if you had sentenced me as the judge, as the court, I would be dead. I mean, that was his words. So he didn't want to go forward on all six charges. He got a very good deal. He actually got two years, more than the minimum, on a Class X felony and got five other Class X felonies, nolly-crossed, as part of this deal. And he made it – I mean, the defendant made it very clear that he was worried that if he had gone to trial and he was sentenced on everything, again, his words were, I would be dead. Obviously, we don't think he would have gotten the death penalty because that would not have happened, but he was aware that he was at a high risk here. And so that's why he took the plea. And he also had said, this is as low as the state would go, and that's why I had to take it. So, I mean, I think he knew what he needed to do. His right to counsel would not have been triggered until after he filed something, and he never did. Did you ever argue law of the case or raise judicata or anything like that? I did put that they were waived and that he, in fact, that the court had said that the admonishments were proper. That is in my brief. And I do believe the court did find that. I obviously see the distinction to a point in that the summary order was about whether or not he had perfected the appeal, and this is more about whether he understood that he had counseled right if he were to file something, which, of course, he did not. So there's slightly ‑‑ I agree that, you know, to an extent, there are slightly different issues, and that's why I didn't focus as much on that. Well, what's your position on the fact that the summary order basically says we have no jurisdiction, but as I indicated earlier, we added a kernel of information at the end. What, if any, effect does that have? Well, I think it ‑‑ I mean, obviously, the court looked at the admonishments and felt they were proper, so I would think that that should guide. But if we have no jurisdiction to decide the case, I'm not questioning why we said it because that's the absence of policy. You can look at it again, which is why we're here. But, again, the admonishments are on the record, so even if we are looking at them again, de novo, because it was a summary dismissal, they're on the record, they speak for themselves, and they mirror very closely the ones that have already been upheld in other cases. Well, in Dominguez, there was also a written admonishment, correct? That's correct, but they said that the written was not ‑‑ it just added a little extra to it, but they also, in J.T. and Dunn, that was not the case. So I think that ‑‑ and they said the fact of the written isn't decisive. So I don't know that ‑‑ I think it just added a little extra, like, confidence that they know he was written admonishments as well, but they certainly said that that was not necessary. Thank you.  Otherwise, thank you. Thank you. All right, Ms. Kilnick. I've already discussed Dominguez, so I don't want to restate that. But Dunn as well, if you look at the admonishments in Dunn, again, were, as I would call it, more global and said you have a right to appeal before you appeal, you have to file these motions. And counsel will be appointed to represent you. So it referred back to both the post‑plea motions and the appeal. The Supreme Court prefers that we follow their dispositions, and other courts do the same thing. But how are we going ‑‑ what would be the distinguishing factor in Dominguez to do what you want here? Well, one, because we say we don't need to follow that or something is different. Well, one, because the admonishments themselves, the oral admonishments in Dominguez were different and related back to if you wish to do this relating to both the post‑plea motion and the appeal, you will have an attorney appointed for those purposes. So it related to both of them. But it wasn't in order. It wasn't in order, no. And it's certainly not in order here is one of the issues. Right. And the judge said you have to ‑‑ again, the defendant was certainly ‑‑ he was aware he had to file something in 30 days. And that was the reason why we had no ability to raise any issues in the direct appeal and why this court found it had no jurisdiction. In J.T., in fact, the appellate court had found that very similar admonitions were insufficient, didn't tell the defendant he had a right to an attorney for post‑plea motions. And the Illinois Supreme Court did not really say that that was an incorrect determination, just said the appellate ‑‑ actually, similar to what happened here. The Illinois Supreme Court said the appellate court did not have jurisdiction to address that because the defendant didn't file a timely post‑plea motion or notice of appeal. People v. Anderson from the first district is another case where ‑‑ I'm sorry, did I say first? Fourth district is another case where the admonitions were similar to here on your fourth district side. That did not tell the defendant he had a right to the appointment of counsel for purposes of the post‑plea motion. And the rule itself is very specific. The admonitions in the rule say ‑‑ specifically say that the defendant has a right to the assistance of counsel in the preparation and filing something of that nature in the post‑plea motions. This admonition in this case did not specifically address the post‑plea motions and just said this is what happens after I deny your motion and those are your appeal rights. So that did not substantially admonish him. Certainly didn't substantially admonish him and certainly he didn't understand that he had a right to counsel, which is clear from his pleadings. But what about his statements on the record? That he didn't want to withdraw. Right. At that time, yeah, he had a week to make this decision. He subsequently ‑‑ He said he needed to make the decision, but he said he made it. Oh, I see what you mean. Well, at the time of the plea, he decided to plea in a very hasty manner. He didn't have an opportunity to talk to his attorney, at least he alleged that, and it's not rebutted that he didn't have an opportunity to talk to his attorney afterwards. So the fact that he's basically alleging after my plea and after I was sent to the DOC, I decided that I wanted to move to vacate my plea and I tried to do it, but without counsel I didn't have the ability to do it on time. And I think based on the admonitions here and what you should take as true, there's enough there to send it back for second stage. Thank you. Thank you. Thank you, counsel, for argument this morning. We will take the matter under advisement. We are going to stand and recess to prepare for our last case of the day. Thank you.